**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-6855**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GLENN LEVI TUCKER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-00-598; CA-05-1133-PJM)

_____

Submitted: October 17, 2006          Decided: October 19, 2006

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Glenn Levi Tucker, Appellant Pro Se.  Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Glenn Levi Tucker seeks to appeal the district court's order construing his motion to correct his sentence under 18 U.S.C. § 3582 (2000) as a motion for relief under 28 U.S.C. § 2255 (2000).[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Tucker has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*]Because the district court failed to provide Tucker with notice that it was going to recharacterize his motion to correct his sentence as a motion under § 2255, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Castro v. United States, 540 U.S. 375, 383 (2003) (quoting 28 U.S.C. § 2255, ¶ 8).

- 2 -

presented in the materials before the court and argument would not

aid the decisional process.

DISMISSED